FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2013 MAY 22  AM II: 10

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

GREG C. NELSON,

                Plaintiff,

v.

                      Case No. 3:12-cv-361-J-20JRK

STEVEN F. SINGER, et al.,

                Defendants.

---

## ORDER

### I. Status

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983 on April 2, 2012. He is proceeding on an Amended Complaint (Doc. #13). This cause is before the Court on Defendants' Motion to Dismiss (Doc. #34), in which Defendants assert that this case must be dismissed pursuant to 28 U.S.C. § 1915(g) (commonly referred to as the "three strikes" provision).[1] Plaintiff has responded. See Plaintiff's Response to Defendants' Motion to Dismiss (Doc. #38) (hereinafter Plaintiff's Response). Thus, the Defendants' Motion to Dismiss is ripe for review.

---

[1] The Court advised Plaintiff of the provisions of Fed. R. Civ. P. 56 and notified him that the granting of a motion to dismiss may represent an adjudication of this case which may foreclose subsequent litigation on the matter. See the Court's Order (Doc. #25) at 3.

## II. Law and Conclusions

The Prison Litigation Reform Act (hereinafter PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Defendants assert that the following three cases filed by Plaintiff in this Court constitute "strikes" under § 1915(g): (1) Case No. 3:11-cv-763-J-37JRK (dismissed as frivolous); (2) Case No. 3:05-cv-433-J-20MCR (dismissed for Plaintiff's failure to exhaust his administrative remedies[2]); and (3) Case No. 3:05-cv-196-J-20MMH (dismissed for lying under penalty of perjury about the existence

---

[2] The Eleventh Circuit has held that "a claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 216 (2007) (finding that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints"). However, in Jones v. Bock, 549 U.S. at 215-16, the Court noted that a complaint may be dismissed for failure to state a claim when an affirmative defense appears on its face and specifically stated "that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim."

of prior lawsuits[3]).  Plaintiff does not dispute that Case Nos.
3:05-cv-196-J-20MMH and 3:11-cv-763-J-37JRK constitute strikes.
Plaintiff's Response at 6.  However, he asserts that the dismissal
in  Case  No.  3:05-cv-433-J-20MCR  for  failure  to  exhaust
administrative remedies should not count as a strike.  Id. at 7.

As noted above, in Rivera, 144 F.3d at 731, the Eleventh
Circuit found that the district court did not err in finding that
such a dismissal counted as a strike because "a claim that fails to
allege the requisite exhaustion of remedies is tantamount to one
that fails to state a claim upon which relief may be granted."
Although Plaintiff argues that courts within other circuits
disagree with this holding in Rivera, see Plaintiff's Response at
7, this Court must follow the Eleventh Circuit's precedent in
Rivera.  See also Anderson v. Donald, 261 F. App'x 254, 255 (11th
Cir. 2008) (per curiam) (not selected for publication in the
Federal Reporter) (noting that a complaint is subject to dismissal
for failure to state a claim "if an affirmative defense, such as
failure to exhaust, appears on the face of the complaint"); Okpala
v. Drew, 248 F. App'x 72, 73 (11th Cir. 2007) (per curiam) (not
selected for publication in the Federal Reporter) (finding that
where the affirmative defense of failure to exhaust administrative

---

[3]  The Eleventh Circuit has found that a dismissal for lying
under penalty of perjury about the existence of a prior lawsuit
should count as a "strike" because such a dismissal "is precisely
the type of strike that Congress envisioned when drafting section
1915(g)."  Rivera, 144 F.3d at 731.

3

remedies appears on the face of a prisoner's complaint, "thereby revealing that the prisoner cannot state a claim, the PLRA continues to require a district court to dismiss the complaint"). Accordingly, the Court finds that Plaintiff has three qualifying dismissals under § 1915(g).

Plaintiff also asserts that, even if he has three strikes, he meets the "imminent danger of serious physical injury" exception to dismissal under § 1915(g). See Plaintiff's Response at 8-10. The appropriate inquiry is whether Plaintiff alleged in his initial Complaint that he was in imminent danger of serious physical injury at the time he filed his Complaint. See Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) ("the issue is whether [the plaintiff's] complaint, as a whole, alleges imminent danger of serious physical injury"); see also Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (noting that nothing in the complaint "may properly be construed as constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his Complaint").

In his Complaint, filed April 2, 2012, Plaintiff claimed that Defendant Ronald Watter subjected Plaintiff to cruel and unusual punishment on March 17, 2011, by beating Plaintiff without provocation. Complaint at 27-28, 45. Plaintiff did not allege that he was in any danger at the time he filed the Complaint. However, he stated, in a conclusory fashion, that he "has been and

4

will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks." Id. at 50 (some capitalization omitted). The injunctive relief Plaintiff sought in his Complaint was to be transferred to a different institution if and when the Court ruled in his favor in this case and to be protected from harm during the transfer. See id. at 51-52. Thus, a liberal reading of the Complaint would support that Plaintiff might be in danger if he prevailed in this case; however, there are no allegations in the Complaint to support a finding that Plaintiff was in imminent danger at the time he filed the Complaint.[4]

Because Plaintiff had three or more prior qualifying dismissals and was not under imminent danger of serious physical injury at the time he initiated this action, Defendants' Motion to Dismiss (Doc. #34) will be granted, the portion of the Court's Order (Doc. #21) granting Plaintiff leave to proceed as a pauper will be vacated, and this case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $400.00 filing fee.

---

[4] It is immaterial that Plaintiff filed several requests for injunctive relief (in which he alleged that Defendant Watters or those acting in concert with him were threatening Plaintiff) after he filed his Complaint. As noted previously, the appropriate inquiry is whether the allegations in the Complaint would support a finding that Plaintiff was in imminent danger at the time he filed the Complaint.

Therefore, it is now

**ORDERED:**

1.    Defendants' Motion to Dismiss (Doc. #34) is **GRANTED**.

2.    Paragraph 4 of the Court's Order (Doc. #21) is hereby **VACATED**, and Plaintiff's requests to proceed as a pauper (Doc. #2 and Doc. #14) are **DENIED**.

3.    This case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

4.    The **Clerk** shall enter judgment dismissing this case without prejudice.

5.    The **Clerk** shall send a copy of the Court's Order (Doc. #21) and this Order to the Florida Department of Corrections, Inmate Trust, Post Office Box 12100, Centerville Station, Tallahassee, FL 32317-2100.  The **Florida Department of Corrections** shall ensure that the $350.00 lien placed on Plaintiff's account for the filing fee in this case pursuant to the Court's Order (Doc. #21) is **REMOVED**.

6.    The **Clerk of Court** shall send a Civil Rights Complaint Form to Plaintiff.  If Plaintiff elects to refile his claims in a separate action, he may complete and submit this form and pay the full $400.00 filing fee.

    7.    The **Clerk** shall close this case.

    **DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of

May, 2013.

                              _____
                              UNITED STATES DISTRICT JUDGE


ps 5/21
c:
Greg C. Nelson
Counsel of Record

7